Linden Andrews, Jr. v. Commissioner. Grace E. Andrews v. Commissioner.
Andrews v. Commissioner
Docket Nos. 6399-67, 207-68.
United States Tax Court
T.C. Memo 1969-128; 1969 Tax Ct. Memo LEXIS 166; 28 T.C.M. (CCH) 677; T.C.M. (RIA) 69128; June 25, 1969, Filed Linden Andrews, Jr., pro se., [1] in docket No. 6399-67. Donald L. Conn, for petitioner in docket No. 207-68. Gerge R. Carter and Rufus Stetson, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined deficiencies *167 in the petitioners' Federal income taxes for the calendar year 1965 in the respective amounts of $468.38 as regards Linden Andrews, Jr., and $539.42 as regards Grace E. Andrews. The only common issue as to both petitioners is entitlement to dependency exemptions for their four minor children for the year in issue. The amount of allowable deductions in docket No. 6399-67 is dependent upon resolution of the common issue between the petitioners as is the entitlement of the petitioner in docket No. 207-68 to a child-care deduction. In addition the petitioner in docket No. 6399-67 claimed "employee business expense" adjustments totaling $308 which the respondent determined were not allowable and which issue petitioner, Linden Andrews, Jr., has now abandoned. Findings of Fact Linden Andrews, Jr., (hereinafter referred to as Linden) resided at Foxboro, Massachusetts, at the time of filing his petition herein. He filed a joint return with his present wife for the year in issue with the district director of internal revenue for the district of Massachusetts; however, she did not join in his petition. Grace E. Andrews (hereinafter referred to as Grace) resided at Melrose, Massachusetts, *168 at the time of filing her petition herein. Her tax return for the year in issue was also filed with the district director of internal revenue for the district of Massachusetts. Linden and Grace were divorced in 1960 with Grace being awarded the custody of their four minor children whose ages during the year in issue were 8, 9, 11, and 12 years. During such year Grace and the four children lived by themselves in a fiveroom apartment, which Grace rented for $95 a month, at 48 Cherry Street in Bedford, Massachusetts. During the year in issue Linden's sole contributions toward the support of said four children totaled $2,050 which sum he gave to Grace and which was expended by her for the children's benefit. During the year in issue Grace was employed as an executive secretary, working 35 hours a week, by the Leavitt Corporation in Everett, Massachusetts, at a gross salary of $5,270. In addition during such year she received approximately $3,000 from life insurance on the life of her father and she also received a boat and an automobile from her father's estate which items she sold for $900 and $350, respectively. Also during the year in issue Grace received approximately $500 in *169 settlement of a claim arising out of an automobile accident. As a consequence of all of the above Grace had 678 over $9,000 available for expenditure during the year in issue. During the year in issue Grace spent at least $7,000 for the support of her four minor children, which sum included the $2,050 which Linden had given her for that purpose, and said children received no support from any other source. The above total includes child-care payments of $589 made by Grace to Palmie Melito during the year in issue to stay with the children so that Grace could keep her job. Grace furnished more than one-half of the total support of her four minor children during 1965 and Linden did not furnish more than one-half of the total support of said children during such year. Opinion Sections 151(a) and (e)(1)(B) and 152(a)(1) of the Internal Revenue Code of 1954 provide in pertinent part that an exemption of $600 shall be allowed in computing an individual's taxable income for each dependent who is the taxpayer's child under 19 years of age and over half of whose support for the taxable year in issue was received from the taxpayer. Both Linden and Grace claimed *170 all four of their children on their returns for 1965 and the respondent made inconsistent determinations, disallowing all eight of the claimed exemptions. Grace testified as a witness in her own behalf at the trial herein but Linden did not. The stipulation of the parties recites no facts bearing upon the children's source of support. We found Grace's testimony concerning the amounts which she claimed to have spent for the children to be entirely reasonable and consistent with her and their manner of living, and supported in very large part by receipts and canceled checks which she introduced as exhibits. In his petition Linden claimed that he made support payments totaling $2,400; however, after hearing Grace's testimony and on being asked if he wished to testify in his own behalf he stated in open court that his receipts were "probably inconclusive," and that he would "go along with" the $2,050 amount. As we have indicated in our findings, Grace furnished far more than half of the support of the children and that is dispositive of the principal issue in these cases. Respondent has conceded that Grace is entitled to the $589 child-care deduction in the event we hold she *171 is entitled to the four dependency exemptions and consequently that issue is now resolved. Linden has presented no evidence relative to his claimed employee business expenses in the amount of $308 and consequently respondent's determination as to such item is upheld. Decision will be entered for petitioner in docket No. 207-68. Decision will be entered for respondent in docket No. 6399-67. Footnotes
1. This petitioner in filing his tax return, responding to the statutory notice of deficiency, filing his petition herein and entering into the stipulation of facts on file herein has employed the names Linden Andrews, Jr., and Linden M. Andrews, Jr., interchangeably. As a consequence we will refer to him as Linden Andrews, Jr., or as Linden with the proviso that such names shall be understood to mean Linden M. Andrews, Jr., wherever necessary.↩